UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary Beth Langenkamp,                            Case No. 3:17-cv-2411

        Plaintiff

    v.                                             MEMORANDUM OPINION
                                                                AND ORDER

Commissioner of Social Security,

        Defendant

## I.  INTRODUCTION

Before me is the Report and Recommendation ("R&R") of Magistrate Judge George J. Limbert. (Doc. No. 15). Judge Limbert recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Mary Beth Langenkamp's applications for Disability Insurance Benefits and Supplemental Security Income. (*Id.*). Langenkamp timely filed objections to the R&R, (Doc. No. 16), and the Commissioner filed a response, (Doc. No. 17).

## II.  BACKGROUND

After reviewing the R & R, I hereby incorporate and adopt, in full, the "Procedural History" and "Relevant Medical and Testimonial Evidence" sections set forth in the R & R, as there were no objections to these sections by Langenkamp. (Doc. No. 15 at 1-6).

## III.  STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing objections to the R & R, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### III.   DISCUSSION

Langenkamp states the following three objections to the R & R:

> (1)  The ALJ failed to explain why he was crediting certain portions of the opinion of Dr. Manos and rejecting others.
>
> (2)  The ALJ did not weigh the opinion of treating source Dr. Bruno under the correct legal standards.
>
> (3)  The complete absence of bowel related symptoms and limitations in the ALJ's residual functional capacity finding is not supported by substantial evidence.

(Doc. No. 16). The first and third objections relate to Langenkamp's bowel-related symptoms and limitations, while the second relates to Langenkamp's mental impairments.

### A.   Crohn's Disease

In Step Two of the analysis, the ALJ identified inflammatory bowel disease (Crohn's disease) as a "severe impairment." (Doc. No. 10 at 29). The ALJ was then required to perform Step Three of the necessary analysis by assessing whether Langenkamp's Crohn's disease met or equaled a Listed Impairment. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011). But the ALJ failed to do so, only evaluating Langenkamp's obesity and mental impairment. (Doc. No. 10 at 30-32). Had the ALJ actually performed Step Three, he may have found Langenkamp disabled by

her Crohn's disease and entitled to benefits.  Therefore, the error was not harmless.  *See Reynolds*, 424 F. App'x at 416.

Although Langenkamp does not raise this specific objection, "the requirement for specific objections may be excused 'in the interest of justice.'"  *Reynolds*, 424 F. App'x at 416 (quoting *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994)).  Therefore, following *Reynolds*, I find it to be in the interest of justice to raise this issue and vacate the ALJ's decision on these grounds.  *Id.*

**B.** **Mental Impairment**

In her second objection, Langenkamp contends Judge Limbert failed to consider whether Exhibit 21F was properly analyzed as a treating source opinion.  Although Judge Limbert cited the treating physician rule and concluded the ALJ had given "good reasons" for the decision not to give this opinion "controlling weight," Judge Limbert did not analyze whether the ALJ had properly applied the treating physician rule.  (Doc. No. 15 at 11-14).

Exhibit 21F was jointly signed by a non-acceptable medical source and Langenkamp's treating psychiatrist, Eddy S. Bruno, M.D.  (Doc. No. 10 at 1206-09).  When giving Exhibit 21F "little weight," the ALJ stated, "the mere countersigning by an acceptable medical source does not give this document more weight."  (Doc. No. 10 at 37).  Neither the ALJ nor the Commissioner in the merits brief provided any legal authority for this conclusion.  (Doc. No. 10 at 37; Doc. No. 13 at 12-15).  Judge Limbert also chose not to address this statement as he found there were "good reasons" for not giving Exhibit 21F "controlling weight."  (Doc. No. 15 at 11-14).

It is true that a treating source opinion need not be given "controlling weight" if it is not supported by "medically acceptable clinical and laboratory diagnostic techniques" or "inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2).  But I find no authority for the ALJ's decision to decline to acknowledge an opinion as a treating source opinion

3

because it is countersigned by a non-acceptable medical source. As such, I find the ALJ's failure to acknowledge Exhibit 21F as a treating physician opinion to be an error of law.

Because the ALJ failed to apply the correct legal standards, the decision will be upheld only if the error did not prejudice Langenkamp on the merits or deprive her of a substantial right. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006). In this case, even though the ALJ did not acknowledge Exhibit 21F as a treating source opinion, he considered all of the necessary factors when giving the opinion "little weight." *See* 20 U.S.C. § 404.1527(c)(2)-(6). Earlier in the decision, the ALJ outlined the treatment records of Dr. Bruno, discussing Dr. Bruno's "specialization" and "treatment relationship" with Langenkamp. (Doc. No. 10 at 35-36). Further, in the analysis of Exhibit 21F itself, the ALJ attacked the "consistency" of Exhibit 21F with the record as a whole and the "supportability" of Exhibit 21F with treatment notes from Dr. Bruno's office. (*Id.* at 36).

Since the ALJ addressed all of the requisite factors, I am able to meaningfully review the ALJ's decision to give Exhibit 21F "little weight." Further, I agree with Judge Limbert's analysis finding the ALJ did give "good reasons" for this decision. Therefore, while the ALJ's failure to acknowledge Exhibit 21F as a treating source opinion is troubling, it was a "harmless error" in that the ALJ remedied the error through his analysis of the record.

### IV.   CONCLUSION

For the foregoing reasons, I supplement, in part, and reject, in part, Judge Limbert's R & R. Specifically, contrary to Judge Limbert's finding, I do find it relevant and problematic that the ALJ failed to consider Exhibit 21F as evidence from a treating physician but ultimately agree the ALJ gave "good reasons" to discount this Exhibit.

Of greater importance is the ALJ's failure to perform Step Three of the analysis with respect to Langenkamp's Crohn's disease, an error which neither Langenkamp nor Judge Limbert address. Because of this error, I "'vacate and remand the case for a discussion of the evidence and an

4

explanation of reasoning'" supporting whether Langenkamp's Crohn's disease meets or equals a Listed Impairment. *Reynolds*, 424 F. App'x at 416. Should the ALJ again find Langenkamp is not disabled under Step Three, I recommend the ALJ take the opportunity to reconsider the effect of her Crohn's disease on the residual functional capacity.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
